JACK CARTER, Justice,
dissenting.
In Ford v. State, the police officer testified that Ford’s vehicle was “following too close behind another vehicle.” 158 S.W.3d 488 (Tex.Crim.App.2005). This presented no factual detail to allow a neutral magistrate to evaluate Ford’s conduct. Here, the testimony is very similar. The officer testified Young was following too close and would have been unable to stop without colliding with the vehicle he was behind. He specifically denied having any knowledge of the distance and stated he was not qualified to estimate it. But he recited that “he was following too closely.”
Except for the binding precedent from the Texas Court of Criminal Appeals, I could accept the premise that the officer’s testimony was a shorthand rendition of the facts when he stated the vehicle was following too closely and would not be able to stop in time to avoid a collision. But the majority in the Ford case rejected that idea even though it was proposed in the dissent. Id. at 496 (Keller, P.J., dissenting). I cannot see any substantive difference in the testimony that the defendant was “following too close” behind another vehicle and that the defendant was following too close and could not stop to avoid a collision. Each of those statements is an opinion that the driver was violating the law without providing any factual details. The Texas Court of Criminal Appeals found that allowing a police officer’s opinion to replace specific facts removed the “reasonable” element from the “reasonable suspicion” requirement. Id. at 493. “Mere opinions are ineffective substitutes for specific, articulable facts in a reasonable-suspicion analysis.” Id. This case, like Ford, relies on mere opinions.
Finally, it appears the majority opinion gives equal weight to the Texas Court of Criminal Appeals opinion in Ford and the Tyler Court of Appeals opinion in Stoker. While I am often persuaded by opinions from my colleagues in Tyler, their opinion is not binding precedent for the State of Texas, whereas the Texas Court of Criminal Appeals opinion is.
I respectfully dissent.